1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10   ARLANCE DION DANIELS,              )    Case No. EDCV 13-01135 AN
                                        )
11              Plaintiff,              )    MEMORANDUM AND ORDER
                                        )
12        v.                            )
                                        )
13   CAROLYN W. COLVIN, ACTING          )
     COMMISSIONER OF THE SOCIAL         )
14   SECURITY ADMINISTRATION,           )
                                        )
15              Defendant.              )
     _____)
16

17        Pursuant to the Court's Case Management Order, the parties have filed the

18   Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue.

19   The parties have consented to proceed before the Magistrate Judge. The Court has

20   carefully reviewed the parties' respective contentions in conjunction with the AR. This

21   matter is now ready for decision.

22                                    **Issue #1**

23        Plaintiff contends the Administrative Law Judge ("ALJ") failed to give proper

24   consideration to Plaintiff's left hand impairment. First, Plaintiff argues that the ALJ erred

25   by failing to find that the flexor tendon injury to the ring finger on Plaintiff's left hand

26   qualified as a severe impairment at step two of the sequential evaluation process. (JS 3-

27   18); *see* 20 C.F.R. § 416.920. Second, Plaintiff contends the ALJ erred by failing to fully

28   develop the record regarding treatment received and limitations associated with his left

1    hand impairment. (JS 8-10.) The Court agrees.

2           An impairment is "not severe" when the impairment would have no more than a

3    minimal effect on a claimant's ability to work. *See Smolen v. Chater*, 80 F.3d 1273, 1290

4    (9th Cir. 1996) ("[T]he step-two inquiry is a de minimis screening device to dispose of

5    groundless claims."); 20 C.F.R. § 416.921(a). "[A]n ALJ may find that a claimant lacks

6    a medically severe impairment or combination of impairments only when his conclusion

7    is 'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th

8    Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28).

9           The objective evidence in this case establishes that Plaintiff has a severe left hand

10   impairment. (AR 507-08); *see* 20 C.F.R. § 416.920(a)(4)(ii). In August 2010, Plaintiff

11   sought emergency medical treatment for an injury sustained to his left ring finger. (AR

12   507-08.) Plaintiff complained of pain at a level of 8 on a scale of 10. (AR 507.) Although

13   an x-ray of Plaintiff's finger showed normal alignment with no fracture or dislocation,

14   Plaintiff reported that he could not move his finger in a normal manner. (AR 508.)

15   Plaintiff's physician, Geoffrey M. Hosta, M.D., observed that Plaintiff had some

16   tenderness and pain, and was unable to flex the distal interphalangeal joint of his left ring

17   finger. (AR 507.) Dr. Hosta diagnosed a flexor tendon injury, and recommended that

18   Plaintiff seek follow up treatment with an orthopedic specialist. (AR 508.) Dr. Hosta

19   advised that to regain normal function of the left ring finger, Plaintiff would need to

20   undergo surgical procedures. (AR 508.) In an apparent attempt to discount Dr. Hosta's

21   opinion, the ALJ noted that the x-ray of Plaintiff's left ring finger did not show any

22   fractures or dislocations, and the impression was within normal limits. (AR 19, 509.)

23   However, the ALJ did not explain how the x-ray undermined Dr. Hosta's findings that

24   Plaintiff has a flexor tendon injury and a limited range of motion. (AR 19, 509.) The ALJ

25   may not reject the opinion of a treating physician merely by implying that the opinion is

26   objectively unfounded. *See Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998) ("The ALJ

27   must do more than offer his conclusions. He must set forth his own interpretations and

28   explain why they, rather than the doctors', are correct.") (citing *Embrey v. Bowen*, 849

Page 2

F.2d 418, 421-22 (9th Cir.1988); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1996) (if a treating or examining physician's opinion on disability is controverted, it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record).

In January 2011, Maisara Rahman, M.D. issued an opinion assessing Plaintiff's functional limitations. (AR 523-25.) Dr. Rahman opined that Plaintiff has "contractures" in his left hand, and is limited in his ability to reach (including overhead) and feel. (AR 524.) Dr. Rahman's assessment stands as substantial evidence that Plaintiff's left hand impairment has more than a minimal impact on Plaintiff's ability to work. *Smolen*, 80 F.3d at 1290. While the ALJ did not accord Dr. Rahman's opinion great weight, the ALJ did not offer specific, legitimate reasons for discounting her opinion. *Lester*, 81 F.3d at 831. For example, the ALJ noted that there were no records establishing that Dr. Rahman had a treating relationship with Plaintiff. (AR 20.) If the ALJ could not ascertain the basis for Dr. Rahman's opinion from the record, the ALJ should have recontacted Dr. Rahman for clarification. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented). And, even if Dr. Rahman did not qualify as a treating physician, her opinion, which was based on independent clinical findings, constitutes substantial evidence. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ also found that the opinion of the state agency medical consultant conflicted with Dr. Rahman's opinion. (AR 20, 461-66.) The ALJ acknowledged, however, that the medical consultant's opinion was not entitled to great weight, because the medical consultant did not adequately consider Plaintiff's subjective complaints or the combined effect of Plaintiff's impairments. (AR 20, 461-66.) In addition, the medical consultant rendered his opinion in May 2010, which predates Plaintiff's August 2010 finger injury and Dr. Rahman's January 2011 assessment. (AR 20, 461-66, 507-08.) Thus, the medical consultant's opinion has little impact on Dr. Rahman's assessment of Plaintiff's left hand impairment.

In the decision, the ALJ noted that Plaintiff testified that he "has a laceration on his left hand that makes it difficult for him to use his left hand and his doctors have recommended surgery." (AR 13.) Nevertheless, the ALJ concluded that the impairment was not severe because there was no indication that the pain from Plaintiff's left hand causes more than a minimal limitation in the ability to perform work activities. (AR 13.) In support of this finding, the ALJ relied on medical evidence pertaining to treatment Plaintiff received from 2006 through 2009. (AR 13, 197-426.) Because these medical records predate Plaintiff's August 2010 injury to his left ring finger, they are of limited relevance in establishing the severity of Plaintiff's left hand impairment. (AR 197-426, 507-08.)

The ALJ further found that Plaintiff had not sought medical treatment for Plaintiff's left hand impairment, other than a single emergency room visit in August 2010. (AR 18.) However, at his administrative hearing, Plaintiff testified that, in 2011, he had received four to five months of therapy for his left ring finger. (AR 35.) Plaintiff explained that he continued to have difficulty using his left hand and his doctors recommended surgery. (AR 35.) The record does not reflect that the ALJ attempted to obtain Plaintiff's treatment records, nor did the ALJ order a consultative examination. Instead, the ALJ dismissed Plaintiff's left hand impairment as non-severe, essentially due to a lack of objective medical findings and treatment. (AR 13, 18.) Given the testimonial evidence regarding the treatment Plaintiff received, the ALJ failed to meet his duty to fully develop the record. *See Smolen*, 80 F.3d at 1288 (ALJ may discharge duty fully and fairly to develop the record in several ways, including: subpoenaing claimant's physicians, submitting questions to claimant's physicians, and continuing hearing to augment record); 20 C.F.R. § 416.912(d) (An ALJ has a responsibility to develop a "complete medical history" and to "make every reasonable effort to help [the claimant] get medical reports.").

In sum, the ALJ erred in finding that Plaintiff did not have a severe left hand impairment. There was substantial evidence of a flexor tendon injury to Plaintiff's left

1   ring finger sufficient to pass the de minimis threshold at step two. *See Webb*, 433 F.3d
2   at 686-87. And, although Plaintiff ultimately bears the burden of establishing disability,
3   the ALJ had an affirmative duty to supplement the medical record to the extent it was
4   incomplete, before rejecting Plaintiff's left hand impairment as not severe. *Id.*

5           Accordingly, Plaintiff is entitled to remand on Issue #1.

6

7                                    **ORDER**

8           The decision whether to remand for further proceedings or order an immediate
9   award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d
10  1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further
11  administrative proceedings, or where the record has been fully developed, it is
12  appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at
13  1179 ("the decision of whether to remand for further proceedings turns upon the likely
14  utility of such proceedings"). But when there are outstanding issues that must be resolved
15  before a determination of disability can be made, and it is not clear from the record the
16  ALJ would be required to find the claimant disabled if all the evidence were properly
17  evaluated, remand is appropriate. *Id.*

18          The Court finds a remand is appropriate because there are unresolved issues that,
19  when properly resolved, may ultimately still lead to a not disabled finding. *See INS v.*
20  *Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative
21  determination, "the proper course, except in rare circumstances, is to remand to the
22  agency for additional investigation or explanation") (internal quotation marks and citation
23  omitted). Accordingly, the present case is remanded for further proceedings consistent
24  with this Memorandum and Order.

25  ///
26  ///
27  ///
28  ///

1    IT IS THEREFORE ORDERED that a judgment be entered reversing the

2   Commissioner's final decision and remanding the case so the ALJ may make further

3   findings consistent with this Memorandum and Order.

4

5

6   DATED: May 30, 2014

7                                               ARTHUR NAKAZATO
                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28